FARMER, C.J.
In this appeal from a final judgment of dissolution of marriage, we affirm on all issues save one.
The court’s temporary order had allowed visitation for the father mid-week. There was no evidence at trial on the subject of visitation, and certainly nothing suggesting the status quo with regard to visitation was not working out. We note that:
“It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of child rearing.”
§ 61.13(2)(b)(l), Fla. Stat. (2003). Because of this policy and the statutory preference to continue this kind of contact with the child in spite of the divorce, we deem it an abuse of discretion to make a change in such visitation without any evidence indicating the necessity therefor.
Accordingly, we reverse the visitation schedule set out in the final judgment and *773 remand for the entry of an order restoring the former visitation schedule.
GUNTHER and TAYLOR, JJ., concur.